**Elizabeth Shaw, Esq.**
**Humanitas Legal Group, LLP**
**50 Milk St, Fl 16**
**Boston, MA 02109**
**(857) 380-8306**
**elizabeth@humanitaslegalgroup.com**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SACHIN LNU,<br>    Petitioner,<br>v.<br>ANTONE MONIZ, *et al.*,<br>    Respondents. | Civil Action No. 26-cv-11670-IT<br><br>**PETITIONER'S MOTION FOR ORDER**<br>**ON FULLY BRIEFED PETITION,**<br>**OR, IN THE ALTERNATIVE, FOR**<br>**STATUS CONFERENCE** |

## INTRODUCTION

Petitioner Sachin LNU ("Petitioner"), by and through counsel, respectfully moves this Court for an order deciding the fully briefed Petition for Writ of Habeas Corpus (ECF No. 1), or, in the alternative, for a status conference to address any questions the Court may have before ruling. Petitioner has been detained at the Plymouth County Correctional Facility since January 31, 2026, now more than four months, without any individualized bond hearing, despite having complied fully with all conditions of his prior release, having no criminal convictions or pending charges, and having pursued his immigration proceedings in good faith.

Briefing on the Petition is now complete. Petitioner filed his Petition on April 9, 2026. Respondents filed their Response to the Court's Order on April 28, 2026 (ECF No. 13). Petitioner filed his Reply on April 20, 2026 (ECF No. 9). No further submissions are pending or anticipated. The matter is ripe for decision.

Given the ongoing constitutional harm of Petitioner's continued detention and the fact that the legal questions presented are well-developed in this Court's existing precedents, Petitioner respectfully requests that the Court issue an order on the Petition without further delay. If the Court has any questions it wishes to address at a hearing before ruling, Petitioner stands ready to participate in a status conference at the Court's earliest convenience.

## BACKGROUND

Petitioner is a native and citizen of India who entered the United States in July 2024, was released on an Order of Recognizance (Form I-220A) under 8 U.S.C. § 1226, resided peacefully in the United States for approximately one and a half years, when on January 31, 2026, he was abruptly re-detained by ICE. ECF No. 1. He has been held at Plymouth County Correctional Facility since that date without any bond hearing.

Respondents initially asserted mandatory detention under 8 U.S.C. § 1225(b)(2). In their April 28 Response to the Court's Order, Respondents abandoned that theory—expressly acknowledging that, if this Court follows its decisions in *Doe v. Moniz*, 800 F. Supp. 3d 203 (D. Mass. 2025), *Escobar v. Hyde*, No. 1:25-cv-12620-IT (D. Mass. Oct. 3, 2025), and related cases, Petitioner's detention is governed by § 1226, not § 1225(b)(2). ECF No. 13.

As their sole remaining basis for mandatory detention, Respondents invoked the Laken Riley Act's amendments to 8 U.S.C. § 1226(c), citing a Massachusetts criminal arrest. ECF No. 13. As established in Petitioner's Reply (ECF No. 9), that theory fails on the record: (1) all Massachusetts charges were dismissed for failure to prosecute on April 16, 2026; (2) two of the three charges (vandalism and kidnapping without resulting in death or serious bodily injury) do not appear anywhere in the enumerated offense list of § 1226(c)(1)(E); and (3) Respondents have not carried their burden of showing that the Massachusetts breaking-and-entering charge

constitutes "burglary" within the meaning of the federal statute under the categorical approach required by *Mathis v. United States*, 579 U.S. 500 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013).

Accordingly, the record supports only one conclusion: Petitioner's detention is governed by 8 U.S.C. § 1226(a), and he is entitled to an individualized bond hearing at which the government bears the burden of proof. The alternative minimum relief—immediate release—is warranted given the absence of any lawful basis for continuing to hold Petitioner without any pre-deprivation hearing.

**ARGUMENT**

### I.      THE PETITION IS RIPE FOR DECISION

All briefing is complete. The Petition was filed on April 9, 2026 and is supported by the Petitioner's accompanying memorandum of law, exhibits, and verification. ECF No. 1. Respondents responded on April 28, 2026. ECF No. 13. Petitioner filed his Reply on April 20, 2026. ECF No. 9. No supplemental briefing has been requested or authorized. The legal questions presented—the proper statutory framework for detention under §§ 1225(b)(2), 1226(a), and 1226(c); the application of the Laken Riley Act; and the appropriate remedy—are well-developed in this Court's existing precedents and in Petitioner's and Respondents' submissions. This matter is ripe for decision.

### II.     THE CONSTITUTIONAL HARM OF CONTINUED UNLAWFUL DETENTION SUPPORTS PROMPT RULING

Petitioner has now been detained without a bond hearing for more than four months. Every day of continued detention without individualized review is itself a constitutional injury. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—

lies at the heart of the liberty that the [Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The deprivation of liberty without process is not remedied by eventual release; each additional day Petitioner is held without a hearing compounds the harm.

Courts in this District and across the country have recognized the urgency of habeas proceedings challenging immigration detention without bond hearings. *See, e.g.*, *Doe v. Moniz*, 800 F. Supp. 3d at 203 (granting habeas relief to immigrant detained without bond hearing under § 1225(b)(2)); *Morales Mendez v. Field Office Director*, No. 9:26-cv-337-ECC (N.D.N.Y. Mar. 16, 2026) (ordering immediate release where detention violated the Fifth Amendment Due Process Clause). Petitioner's continued detention without any judicial determination of the lawfulness of that detention, despite complete briefing, warrants prompt resolution.

## III.   THE GOVERNMENT HAS NO REMAINING VIABLE BASIS FOR MANDATORY DETENTION

As set forth in the Petition and Reply, Respondents' detention theories have collapsed. The Laken Riley Act mandatory-detention theory under § 1226(c) fails because: (a) the underlying Massachusetts charges were dismissed for failure to prosecute, ECF No. 9 at 2–3; (b) two of the three charges (vandalism and kidnapping not resulting in death or serious bodily injury) are categorically outside § 1226(c)(1)(E)'s enumerated offense list, *id.* at 4–5; and (c) Respondents have not established under the categorical approach that Massachusetts breaking-and-entering constitutes "burglary" within the meaning of the federal statute, *id.* at 5–6.

The record thus establishes that Petitioner's detention is, at most, governed by § 1226(a), which entitles him to an individualized bond hearing at which the government bears the burden of demonstrating by clear and convincing evidence that he is a danger to the community or a flight

risk. *See Mata Velasquez v. Kurzdorfer*, 2025 WL 1953796, at *17 (W.D.N.Y. July 16, 2025). Absent a bond hearing, immediate release is the appropriate remedy.

**IV.    PETITIONER'S PRIOR RELEASE UNDER § 1226(a) INDEPENDENTLY ESTABLISHES HIS ENTITLEMENT TO A BOND HEARING**

When DHS released Petitioner on a Form I-220A Order of Release on Recognizance, it invoked § 1226 of the INA, not § 1225(b). The I-220A expressly stated the release was "[i]n accordance with section 236 of the Immigration and Nationality Act," i.e., § 1226. ECF No. 1. Section 1226(a)(2)(B) specifically authorizes the Attorney General to release a noncitizen in removal proceedings on "conditional parole." Petitioner's release on recognizance was an exercise of that conditional-parole authority, a release within the § 1226(a) framework that vested him with the procedural protections § 1226(a) provides, including the right to a bond hearing before any re-detention.

This Court has consistently held that noncitizens released on an Order of Recognizance under § 1226 cannot be re-detained as "applicants for admission" subject to mandatory detention under § 1225(b)(2). *See Doe v. Moniz*, 800 F. Supp. 3d 203, 208–09 (D. Mass. 2025) (§ 1225(b)(2) does not govern detention of noncitizens who entered without inspection, were released on recognizance, and resided in the United States for an extended period; their re-detention is governed by § 1226); *Escobar v. Hyde*, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (same); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) (same); *Da Silva v. Hyde*, No. 1:25-cv-12638-IT (D. Mass. Oct. 7, 2025) (same); *Venancio v. Hyde*, No. 1:25-cv-12616-IT (D. Mass. Oct. 9, 2025) (same); *Caguana-Caguana v. Moniz*, No. 1:25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025) (same).

The statutory logic is straightforward. Section 1225(b) is the "inspection" statute: it governs the moment a noncitizen seeks initial admission at or between ports of entry. *See Da Cunha v. Freden*, No. 25-CV-6532, 2025 WL 3280575, at *4 (W.D.N.Y. Nov. 25, 2025) (the "context of § 1225 as a whole… strongly indicates that the statute governs the entrance of noncitizens to the United States"). Once DHS processed Petitioner, charged him in removal proceedings under § 1182(a)(6)(A)(i) as a person "present in the United States," and released him under its own § 1226(a)(2)(B) conditional-parole authority, all of which occurred in July 2024, Petitioner was no longer "seeking admission." He had been admitted into the § 1226 framework. DHS's invocation of "section 236 of the Immigration and Nationality Act" on the face of the I-220A is its own acknowledgment that § 1226 governed the release.

To permit the Government to re-characterize that release as having occurred under § 1225(b) would allow DHS to unilaterally strip a noncitizen of the procedural protections its own prior determination conferred—a result this Court has rejected in every case presenting this issue. *See Doe v. Moniz*, 800 F. Supp. 3d at 208–09. Whether the analysis is framed as a question of statutory scope (§ 1225(b)(2) does not reach persons who have been released and are residing in the United States) or as a question of the § 1226(a) conditional-parole framework (DHS's own I-220A vested Petitioner in § 1226(a)'s protections upon his release), the outcome is the same: Petitioner is entitled to an individualized bond hearing, and his continued detention without one is unlawful.

## **CONCLUSION**

For the foregoing reasons, Petitioner respectfully requests that this Court:

(1) Issue an order granting the Petition for Writ of Habeas Corpus and directing Petitioner's immediate release, or, in the alternative, ordering that Respondents provide Petitioner with

an individualized bond hearing within seven (7) days at which the government bears the burden of proving by clear and convincing evidence that he poses a flight risk or danger to the community;

(2) Or, in the alternative, schedule a status conference at the Court's earliest convenience to address any questions the Court may have before issuing a ruling on the fully-briefed Petition; and

(3) Grant such other and further relief as the Court deems just and proper.

Dated: June 8, 2026

Respectfully submitted,

Petitioner Sachin LNU
By counsel,

/s/ Elizabeth Shaw
Elizabeth Shaw, Esq.
Humanitas Legal Group, LLP
50 Milk St, Fl 16
Boston, MA 02109
(857) 380-8306
elizabeth@humanitaslegalgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2026, a true and correct copy of the foregoing motion was filed through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Elizabeth Shaw
Elizabeth Shaw, Esq.
Dated: June 8, 2026